A98A0921. NORTHEN v. MARY ANNE FROLICK & ASSOCIATES.
(510 SE2d 122)

Judge Harold R. Banke.

Mary Anne Frolick & Associates, d/b/a Re/Max Achievers ("Re/Max") sued Arthur J. Northen, Jr. to recover a real estate commission after Northen breached a contractual obligation to purchase a $3.2 million residence. Re/Max's complaint had two counts, one for breach of contract and one for attorney fees based on bad faith and stubborn

litigiousness.

After experiencing some discovery difficulties, Re/Max filed a motion to compel and for sanctions. Based upon a determination that Northen "completely failed to respond to Plaintiff's Second Request for Production of Documents," the trial court struck Northen's answer and entered default judgment. In a January 29, 1997 order, the trial court awarded $97,500 plus interest to Re/Max on its breach of contract claim, and found Northen liable for damages for bad faith and stubborn litigiousness. The court also awarded $500 in attorney fees to Re/Max for expenses incurred in bringing the motion.

When Northen attempted to appeal this order, that appeal was dismissed on the grounds that the order and judgment were not final and because Northen did not obtain a certificate of reviewability. Subsequently, the trial court entered a second order on March 10, 1997, which awarded Re/Max $36,431 in attorney fees plus $1,560 for expenses on the bad faith claim.

After the imposition of sanctions for the discovery problems and after the entry of both orders, Northen retained new counsel, R. Scott Tobin, who entered an appearance on April 30, 1997. As Northen's new counsel, Tobin filed an emergency motion to stay the enforcement of the two orders, contending that neither order constituted a final judgment because the first order made clear that damages were yet to be determined on the bad faith claim, and the latter order lacked finality since it did not incorporate the first judgment. The trial court denied this motion.

On Northen's behalf, Tobin filed a notice of appeal relating to the order dismissing the appeal (entered April 30, 1997) and from the order denying the emergency motion to stay enforcement of the orders dated January 29 and March 10 (entered on May 14, 1997). On or about October 7, 1997, Tobin withdrew as counsel after Re/Max filed a second motion for contempt directed at both Northen and him.[1] *Held*:

1. Northen contends that the trial court erred in dismissing his notice of appeal dated February 28, 1997. He contends that the January order was directly appealable as a final order because it addressed and granted the relief requested in both Counts 1 and 2 of Re/Max's complaint. Northen claims that the order not only awarded contract damages but also granted attorney fees under Count 2.

The record belies his argument. The January order expressly provided that the attorney fees award was for the cost of bringing the motion for sanctions under OCGA § 9-11-37 and that the damages for

---

[1] Tobin withdrew as counsel before the docketing of this appeal. In a separate filing, Case No. A98A2472, Tobin appeals the trial court's monetary sanction of more than $27,000 awarded to Re/Max against him personally.

bad faith were yet to be determined. See OCGA § 5-6-34. *Caswell v. Caswell*, 157 Ga. App. 710 (278 SE2d 452) (1981). Because an issue remained to be resolved, it was not an appealable judgment within the meaning of OCGA § 5-6-34. Absent a certificate of reviewability, the notice of appeal as to that order was premature and properly dismissed. *Jones v. Singleton*, 253 Ga. 41, 42 (1) (316 SE2d 154) (1984).

2. Northen contends that if the January order and judgment were non-final or interlocutory then the court erred in denying his emergency motion for stay of enforcement of both the January and March orders because Re/Max would not have been entitled to the issuance of a fieri facias. We disagree.

Although the January order did not resolve all issues, the March order concluded the case when the court ruled on the only remaining issue. Inasmuch as Northen cites no legal authority supporting his entitlement to stay the enforcement of the latter order, and we know of none, the trial court did not err in denying the emergency motion. See *Sevcech v. Ingles Markets*, 222 Ga. App. 221, 226 (8) (474 SE2d 4) (1996).

*Judgment affirmed. Johnson, P. J., and Smith, J., concur.*

DECIDED DECEMBER 4, 1998 —
RECONSIDERATION DENIED DECEMBER 18, 1998.

Arthur J. Northen, Jr., *pro se.*
*Bivens, Hoffman & Fowler, Luther B. Bivens*, for appellant.
*Fowler, Hein & Kreimer, Stanley E. Kreimer, Jr.*, for appellees.
*Hendrick, Phillips, Schemm & Salzman, Victoria H. Tobin*, amicus curiae.