A02A1034. HILL et al. v. BUTTRAM.
(564 SE2d 531)

BARNES, Judge.

Irene Hill and Houston Stone Mobbs brought a declaratory judgment action against Kent Buttram in a boundary dispute. On September 11, 2001, the trial court entered judgment in favor of Buttram on a jury's verdict, expressly reserving ruling on Buttram's motion for an award of OCGA § 9-15-14 attorney fees. After the trial court denied Buttram's request for attorney fees on October 17, 2001, Hill and Mobbs filed a notice of appeal on November 15, 2001.

The order Hill and Mobbs appealed from is not the October 17, 2001 order denying attorney fees, as stated in their notice of appeal. Rather, the final judgment in this case is the one based on the jury

verdict, issued on September 11, 2001, and their enumerations of error address matters that occurred during the trial. Therefore, their notice of appeal, filed 65 days after the September 11, 2001 judgment, is untimely.

The order denying attorney fees is not the final judgment in the case, as demonstrated by OCGA § 9-15-14 (e). The Code section provides that a motion for attorney fees must be filed within 45 days of "final disposition of the action." The phrase "final disposition" in OCGA § 9-15-14 (e) is synonymous with the phrase "final judgment" found in OCGA § 5-6-34 (a) (1), "that is to say, where the case is no longer pending in the court below." (Punctuation omitted.) *Fairburn Banking Co. v. Gafford*, 263 Ga. 792, 793 (439 SE2d 482) (1994); *Marshall v. Ricmar, Inc.*, 215 Ga. App. 470 (451 SE2d 515) (1994). See *Nairon v. Land*, 242 Ga. App. 259, 260-261 (1) (529 SE2d 390) (2000) ("[b]ecause the filing of a motion for attorney fees does not challenge the finality of the judgment on the merits or toll the time for filing a notice of appeal," it also does not extend or suspend the termination date of the underlying civil procedure on which the abusive litigation suit rests).

A proper and timely filed notice of appeal is an absolute requirement to confer jurisdiction upon this Court. *Brown v. Webb*, 224 Ga. App. 856 (482 SE2d 382) (1997). Because Hill and Mobbs failed to file their notice of appeal within 30 days of the final disposition of the case, this appeal is hereby dismissed. OCGA § 5-6-48 (b) (1).

*Appeal dismissed. Pope, P. J., and Ruffin, J., concur.*

DECIDED APRIL 17, 2002.

*Thomas M. Rego*, for appellants.
*Gammon & Anderson, Joseph N. Anderson*, for appellee.