A11A0950. CITIFINANCIAL SERVICES, INC. v. HOLLAND.
(713 SE2d 678)

MIKELL, Judge.

In this case, we conclude that the trial court's order releasing funds and awarding interest to appellee is not final and that appellant's failure to comply with the requisite interlocutory appeal procedures deprives this Court of jurisdiction. Accordingly, we dismiss the appeal. The relevant facts follow.

Ethel Mae Bunch Holland ("Holland") was awarded certain property in Burke County on January 26, 2006, pursuant to her divorce from Alexander Morgan Holland, Jr. ("Alexander"). In 1998, Alexander executed a promissory note and security deed on the property in favor of CitiFinancial Services, Inc., but defaulted on the loan. CitiFinancial foreclosed on the property on March 7, 2006, selling it for $75,000. Because the debt was only $29,263.13, Citi-Financial received a surplus of $41,347.41. On August 25, 2009, an attorney for Alexander contacted CitiFinancial to demand payment of the surplus funds. On March 26, 2010, Holland filed a complaint against CitiFinancial under a conversion theory, claiming that she

---

was entitled to the surplus funds because the underlying property had been awarded to her in the divorce. Holland also sought interest, attorney fees, and court costs. CitiFinancial filed an answer and a counterclaim for interpleader, seeking to pay the surplus funds into the registry of the court and to be dismissed from the action. Holland filed a motion asking the court to release the funds to her and award her interest. Following a hearing, the trial court issued an order awarding Holland the surplus funds, $41,347.41, plus four years and seven months of interest, for a total of $60,648.08. CitiFinancial appeals this order, challenging the award of interest.[1]

Holland has moved to dismiss this appeal, arguing that we lack jurisdiction because the order from which CitiFinancial appeals is not final.[2] We agree. OCGA § 5-6-34 (a) (1) authorizes direct appeals to be taken from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below." An order is considered "a final judgment within the meaning of OCGA § 5-6-34 (a) (1) where it leaves no issues remaining to be resolved, constitutes the court's final ruling on the merits of the action, and leaves the parties with no further recourse in the trial court."[3] The court ruled on the issues raised in Holland's motion to release funds but did not rule on her claim for attorney fees and costs. As that claim remains pending in the trial court, the order is not a final judgment within the meaning of OCGA § 5-6-34 (a) (1).[4] As CitiFinancial did not comply with the requisite interlocutory appeal procedures,[5] this appeal must be dismissed.

*Appeal dismissed. Smith, P. J., and Dillard, J., concur.*

DECIDED JULY 1, 2011.

*Pendergast & Jones, Howell A. Hall*, for appellant.
*Victor Hawk, Reid V. Sanders*, for appellee.

---

[1] The trial court awarded prejudgment interest at the postjudgment rate. Compare OCGA § 7-4-2 (a) (1) (A) with OCGA § 7-4-12.

[2] CitiFinancial did not respond to Holland's motion to dismiss.

[3] (Citations and punctuation omitted.) *Standridge v. Spillers*, 263 Ga. App. 401, 403 (1) (587 SE2d 862) (2003).

[4] See *Northen v. Mary Anne Frolick & Assocs.*, 235 Ga. App. 804, 806 (1) (510 SE2d 122) (1998) (direct appeal dismissed, where plaintiff's claim for attorney fees in a contract action remained for adjudication after entry of judgment on all other counts). Accord *Stump v. Young*, 307 Ga. App. 583, 584 (705 SE2d 684) (2011) (appeal dismissed as premature where judgment reserved issues of attorney fees, costs, and interest).

[5] See OCGA § 5-6-34 (b).