# Court of Appeals
# of the State of Georgia

ATLANTA,  May 16, 2013

*The Court of Appeals hereby passes the following order:*

**A13A1701.  STEVEN D. SIMON v. CITY OF ATLANTA et al.**

Steven D. Simon filed this tort action against various defendants associated with the City of Atlanta, Fulton County, and Grady Hospital.  The trial court entered an order dismissing the city and county defendants, but not the hospital defendants.[1] Simon then filed a document titled "Plaintiff Steven D. Simon pro se Interlocutory Appeal Certificate of Immediate Review."  The trial court interpreted this document as a request for a certificate of immediate review, which it denied by order of January 2, 2013.  Simon also filed a motion seeking entry of default against the Grady defendants, who in turn moved to strike his motion.[2]  In a second order entered on January 2, 2013, the trial court denied Simon's motion for default and granted the Grady defendants' motion to strike.  Simon then filed a notice of appeal indicating his wish to appeal "the judgment" entered on January 2, 2013.  We, however, lack jurisdiction.

"Generally, an order is final and appealable when it leaves no issues remaining to be resolved, constitutes the court's final ruling on the merits of the action, and leaves the parties with no further recourse in the trial court."  *Thomas v. Douglas Co.*, 217 Ga. App. 520, 522 (1) (457 SE2d 835) (1995).  In order to appeal a non-final

---

[1] As of the date of the court's order, the hospital defendants had not filed a motion to dismiss.  They have since done so, but the court has not yet ruled on that motion.

[2] Simon actually titled his motion as one to *open* default, but a review of the motion shows that he wanted the court to enter default judgment against the defendants.

order, a party must follow the interlocutory application procedures in OCGA § 5-6-34 (b), including obtaining a certificate of immediate review from the trial court. See *Miller v. Miller*, 282 Ga. 164 (646 SE2d 469) (2007); *Northen v. Mary Anne Frolick & Assoc.*, 235 Ga. App. 804, 806 (1) (510 SE2d 122) (1998).

The trial court's January 2, 2013 orders were not final, as the case remains pending against the Grady defendants. Simon clearly recognized the need for an interlocutory appeal, as he requested a certificate of immediate review from the trial court. The court, however, denied his request, and that denial is not an appealable judgment. See *Price v. State*, 237 Ga. 352 (227 SE2d 368) (1976). Because Simon failed to comply with the court's interlocutory appeal procedures, this premature appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,* __05/16/2013__
      *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
      *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

 *, Clerk.*
