# Court of Appeals
# of the State of Georgia

ATLANTA,    July 24, 2013

*The Court of Appeals hereby passes the following order:*

**A13D0464.  KIMBERLY Y. CHATMAN v. DAVID EUGENE PALMER, JR.**

Kimberly Y. Chatman and David Eugene Palmer, Jr., are parents of a son to whom Chatman was given primary physical custody. Palmer sought modification of custody, and by order dated December 11, 2012, the trial court changed the primary physical custodian to Palmer. In the order, the trial court reserved the issue of attorney fees. On June 7, 2013, the trial court entered an order finding attorney fees under OCGA §§ 19-9-3 (g) and 19-6-2 to be inappropriate. But the trial court ordered Chatman to pay over $42,000 in OCGA § 9-15-14 attorney fees. Chatman filed this application for discretionary appeal, seeking to challenge both the custody ruling as well as the assessed attorney fees.

Pursuant to OCGA § 5-6-34 (a) (11), a direct appeal is authorized from "[a]ll judgments in child custody cases awarding, refusing to change, or modifying child custody or holding or declining to hold persons in contempt of such child custody judgment or orders." Because the order at issue here modified child custody, it was directly appealable.[1]

We will grant a timely-filed discretionary application if the lower court's order

---

[1] Although the order was entered in December 2012, it was not final because the trial court reserved the issue of attorney fees. See *CitiFinancial Services, Inc. v. Holland*, 310 Ga. App. 480, 481 (713 SE2d 678) (2011); compare *Hill v. Buttram*, 255 Ga. App. 123, 124 (564 SE2d 531) (2002) (reservation of OCGA § 9-15-14 attorney fee issue does not extend time for filing notice of appeal). The trial court ultimately assessed fees under OCGA § 9-15-14, but Palmer sought attorney fees on additional bases.

is subject to direct appeal. See OCGA § 5-6-35 (j). Accordingly, this application is hereby GRANTED. Chatman shall have ten days from the date of this order to file a notice of appeal with the trial court. If, however, she has already filed a notice of appeal, she need not file a second notice. The clerk of the trial court is DIRECTED to include a copy of this order in the record transmitted to the Court of Appeals.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,* 07/24/2013

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



, *Clerk.*