# Court of Appeals
# of the State of Georgia

ATLANTA,  January 09, 2014

*The Court of Appeals hereby passes the following order:*

## A14D0183. NOREEN JANEIRA v. GEORGE JANEIRA.

Noreen Janeira and George Janeira were divorced in 1999. Litigation concerning custody, visitation, adult conduct, financial issues, and contempt has arisen on several occasions since the parties were divorced. Most recently, Noreen sought modification or suspension of visitation. George answered and counterclaimed for contempt of the visitation provisions. The trial court found Noreen in contempt. By order dated October 11, 2013, the trial court revised visitation provisions concerning the couple's 14-year old and 17-year-old daughters. The order also denied Noreen's motion for reconsideration of the court's finding that she was in willful contempt and reserved the issue of attorney fees. On November 22, 2013, the trial court entered an order awarding $5,000 in attorney fees to George under OCGA § 19-6-2. Noreen filed this application for discretionary appeal, seeking to challenge both the contempt finding as well as the assessed attorney fees.

Pursuant to OCGA § 5-6-34 (a) (11), a direct appeal is authorized from "[a]ll judgments or orders in child custody cases awarding, refusing to change, or modifying child custody or holding or declining to hold persons in contempt of such child custody judgment or orders." Because the order at issue here modified visitation and held Noreen in contempt of a child custody/visitation order, it was directly appealable.[1]

---

[1] Although the order was entered in October 2013, it was not final because the trial court reserved the issue of attorney fees. See *CitiFinancial Services, Inc. v. Holland*, 310 Ga. App. 480, 481 (713 SE2d 678) (2011); compare *Hill v. Buttram*,

We will grant a timely-filed discretionary application if the lower court's order is subject to direct appeal. See OCGA § 5-6-35 (j). Accordingly, this application is hereby GRANTED. Noreen Janeira shall have ten days from the date of this order to file a notice of appeal with the trial court. If, however, she has already filed a notice of appeal, she need not file a second notice. The clerk of the trial court is DIRECTED to include a copy of this order in the record transmitted to the Court of Appeals.



*Court of Appeals of the State of Georgia*
       *Clerk's Office, Atlanta,* 01/09/2014
       *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
       *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*

---

255 Ga. App. 123, 124 (564 SE2d 531) (2002) (reservation of OCGA § 9-15-14 attorney fee issue does not extend time for filing notice of appeal). The trial court ultimately assessed fees under OCGA § 19-6-2.