# Court of Appeals
# of the State of Georgia

ATLANTA,  July 11, 2017

*The Court of Appeals hereby passes the following order:*

**A17A1915. THOMAS ROY HOLBIRD, JR. et al. v. JERRY HAMEL et al.**

Jerry Hamel, Hugh Burch and Floyd Brown (collectively, "Hamel") obtained a judgment against Thomas R. Holbird, Jr. individually and as executor of the estate of Thomas R. Holbird, Sr. ("Holbird"), which required Holbird to execute a quitclaim deed pertaining to property located in the Bahamas.[1] When Holbird failed to do so, Hamel filed a petition for contempt and attorney fees.[2] The trial court appointed a special master to address the form of quitclaim deed necessary in the Bahamas. Upon obtaining the special master's report, the trial court entered an order requiring Holbird to execute a quitclaim deed in the form identified. Holbird seeks to appeal this ruling. It appears, however, that the case is not yet final.

As a general rule, a right of direct appeal lies from a final judgment; that is, where the case is no longer pending below. See OCGA § 5-6-34 (a) (1). Here, the trial court's order did not resolve Hamel's contempt petition. Under these circumstances, it appears the action remains pending in the superior court.[3] Because the order was

---

[1] Holbird appealed, and the judgment was affirmed in an unpublished opinion issued under Court of Appeals Rule 36. See Case Number A12A2074, decided March 11, 2013.

[2] Brown apparently passed away. Thus, the contempt action was brought by Hamel and Burch.

[3] The trial court also did not rule on Hamel's request for attorney fees. Based upon the language Hamel employed in his complaint, it appears as though he was seeking assessed attorney fees under OCGA § 9-15-14. If attorney fees are sought

not final, Holbird was required to comply with the interlocutory appeal procedures of OCGA § 5-6-34 (b) in order to obtain appellate review. This appeal is therefore DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,   07/11/2017*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

*Stephen E. Castlen*
_____ , *Clerk.*

---

under OCGA § 9-15-14, a trial court's reservation of the attorney fee issue does not render the order non-final. See *Hill v. Buttram*, 255 Ga. App. 123, 124 (564 SE2d 531) (2002) (reservation of OCGA § 9-15-14 attorney fee issue does not extend time for filing notice of appeal).