# Court of Appeals
# of the State of Georgia

ATLANTA, _September 25, 2017_

*The Court of Appeals hereby passes the following order:*

## A18D0084.  ANTHONY R. HAMBY v. EARL PAYNE.

This case began in magistrate court, where Earl Payne filed a claim against Anthony R. Hamby for damages to his property.  The magistrate court entered a judgment for costs in the amount $103.50 in favor of Payne, and Payne appealed to the superior court.  Payne obtained a default judgment against Hamby for $18,883.72 on December 17, 2012.  After unsuccessful attempts to have the judgment set aside or have a new trial,[1] the parties entered into a Consent Order, whereby Hamby was to place $25,000.00 into the court registry and in exchange, Payne agreed to release, "of record," his judgment against Hamby's property.  In the Consent Order, the superior court specifically stated that "all other issues in dispute between the parties, including but not limited to attorney[] fees, shall be reserved for future adjudication by the Court."  Payne then filed a motion to disburse the funds, which the superior court granted and ordered that the sum of $25,000.00 be disbursed to Payne.  Hamby then filed a timely application for discretionary appeal from that order.

"Generally, an order is final and appealable when it leaves no issues remaining to be resolved, constitutes the court's final ruling on the merits of the action, and leaves the parties with no further recourse in the trial court." *Thomas v. Douglas Co.*, 217 Ga. App. 520, 522 (1) (457 SE2d 835) (1995).  Here, in the Consent Order, the

[1] Hamby attempted to appeal the 2015 denial of his motion to vacate and/or set aside the default judgment, but this Court dismissed Hamby's appeal for failing to follow the discretionary appeal procedures.  See *Hamby v. Payne*, Case No. A16A0795 (decided April 11, 2016).

superior court specifically reserved ruling on attorney fees, which leaves the case pending below. See *CitiFinancial Services, Inc. v. Holland*, 310 Ga. App. 480, 481 (713 SE2d 678) (2011). The order appealed from is thus non-final, and Hamby was required to follow the interlocutory application procedures in OCGA § 5-6-34 (b) to seek appellate review at this time. See *Miller v. Miller*, 282 Ga. 164, 165 (646 SE2d 469) (2007); *Northen v. Mary Anne Frolick & Assoc.*, 235 Ga. App. 804, 806 (1) (510 SE2d 122) (1998). His failure to do so deprives this Court of jurisdiction over this application, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
 *Clerk's Office, Atlanta,  09/25/2017  *
 *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
 *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*