# Court of Appeals
# of the State of Georgia

ATLANTA,  February 06, 2019

*The Court of Appeals hereby passes the following order:*

**A18A1877. HAMMONS et al. v. GEORGIA TITLE SOURCE, LLC et al.**

The appellees sued the appellants for misappropriation of confidential and proprietary information. The appellants answered the complaint and filed counterclaims. The trial court conducted a bench trial and entered an order that resolved the case except for the issue of attorney fees under OCGA § 13-6-11. On that issue, the court directed the appellees to present an application for fees and costs within 10 days, which they did. The appellate record contains no ruling on the fee application. The appellants filed a notice of appeal from the trial court's bench-trial order, and the appeal was docketed here. We, however, lack jurisdiction.

Because the trial court had not resolved the issue of OCGA § 13-6-11 attorney fees, the case was pending below when the appellants filed the notice of appeal. *Sotter v. Stephens*, 291 Ga. 79, 83-84 (727 SE2d 484) (2012) ("[I]f the judgment reserves the issue of attorney fees under OCGA § 13-6-11, then one cannot claim that the case is no longer pending in the court below as required by OCGA § 5-6-34 (a) (1).") (punctuation omitted). The appellants were required to follow the interlocutory appeal procedures to appeal the trial court's order. See OCGA § 5-6-34 (b); *CitiFinancial Svcs. v. Holland*, 310 Ga. App. 480, 481 (713 SE2d 678) (2011).

The fact that the trial court granted the appellees injunctive relief, ordering the appellants to return all property of the appellees, does not alter this result because the appellants do not challenge the grant of that relief. *Voyles v. Voyles*, 301 Ga. 44, 46-47 (799 SE2d 160) (2017) (applying issue-raised-on-appeal rule to find that appellant should have filed an application for discretionary review instead of a notice of direct appeal). See also *Redfearn v. Huntcliff Homes Assn.*, 271 Ga. 745, 747 (2) (524 SE2d

464) (1999) (determining whether an action is an equity case for purposes of appellate jurisdiction "depends upon the issue raised on appeal, not upon how the case is styled nor upon the kinds of relief which may be sought by the complaint") (punctuation omitted).

The appellants' failure to follow the interlocutory appeal procedures deprives us of jurisdiction over this direct appeal, which is hereby **DISMISSED**.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta,  02/06/2019
I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.
Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____ , Clerk.