# Court of Appeals
# of the State of Georgia

ATLANTA,  February 07, 2023

*The Court of Appeals hereby passes the following order:*

**A23A0898. DANYELLE HOWELL PAUL v. SCOTT JASON PAUL.**

Danyelle Howell Paul and Scott Jason Paul divorced in November 2015. In 2018, the wife filed a motion to set aside the divorce decree, and the husband filed a motion to dismiss her motion. The trial court granted the husband's motion, dismissing the wife's motion. The wife filed an application for discretionary appeal from the trial court's order, which this Court granted. See Case. No. A19D0499 (June 24, 2019). In the direct appeal that ensued, we reversed the trial court's order. See *Paul v. Paul*, 355 Ga. App. 828 (846 SE2d 138) (2020). Back in the trial court, the wife filed a second motion to set aside, which the trial court also denied. The wife filed a notice of appeal from the trial court's order. We, however, lack jurisdiction.

Ordinarily, appeals from "judgments or orders in divorce, alimony, and other domestic relations cases" must be made by application for discretionary appeal. See OCGA § 5-6-35 (a) (2); *Russo v. Manning*, 252 Ga. 155, 155 (312 SE2d 319) (1984). However, when the order specifically reserves the issue of attorney fees, it is not a final order. "[A]n order is final and appealable when it leaves no issues remaining to be resolved, constitutes the court's final ruling on the merits of the action, and leaves the parties with no further recourse in the trial court." *Thomas v. Douglas County*, 217 Ga. App. 520, 522 (1) (457 SE2d 835) (1995); see also OCGA § 5-6-34 (a) (1). Therefore, in order to appeal the trial court's order, the wife was required to comply with the interlocutory procedures and obtain a certificate of immediate review. See OCGA § 5-6-34 (b); see also *Miller v. Miller*, 288 Ga. 274, 282 (4) (705 SE2d 839) (2010) (holding that there was no final judgment in a divorce action until the reserved issue of attorney fees was resolved); *CitiFinancial Svcs., Inc. v. Holland*, 310 Ga.

App. 480, 481 (713 SE2d 678) (2011). Parties seeking appellate review from an interlocutory order that also implicates the discretionary application statute must comply with the interlocutory application statute. See generally *Bailey v. Bailey*, 266 Ga. 832, 832-833 (471 SE2d 213) (1996). The wife's failure to follow the interlocutory appeal procedures deprives this Court of jurisdiction over the appeal. Accordingly, this appeal is hereby DISMISSED. See *Bailey*, 266 Ga. at 833;.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  02/07/2023*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*