# Court of Appeals
# of the State of Georgia

ATLANTA,  February 13, 2023

*The Court of Appeals hereby passes the following order:*

**A23A0913. SPENCER RODERICK HYDE v. AMBER MICHELLE HYDE.**

In this domestic relations matter, Spencer Roderick Hyde has filed a notice of appeal from the trial court's "Order and Notice of Compliance," in which it determined that he was not in compliance with the court's final order on Amber Michelle Hyde's citation for contempt filed in 2019.[1] The court ordered that he continue to pay child support, in addition to paying on his child support arrearage, and scheduled a compliance hearing for future date on the issue of attorney fees. Amber Hyde has filed a motion to dismiss this appeal, and Spencer Hyde has filed an emergency motion in accordance with Rule 40 (b) to supplement the record on appeal. We lack jurisdiction.

Ordinarily, appeals from "judgments or orders in divorce, alimony, and other domestic relations cases" must be made by application for discretionary appeal. See OCGA § 5-6-35 (a) (2); *Russo v. Manning*, 252 Ga. 155, 155 (312 SE2d 319) (1984). However, when the order specifically schedules an additional hearing and reserves the issue of attorney fees, it is not a final order. "[A]n order is final and appealable when it leaves no issues remaining to be resolved, constitutes the court's final ruling on the merits of the action, and leaves the parties with no further recourse in the trial

---

[1] This is these parties' third appearance in this Court. In the first appearance, we denied Spencer Hyde's application for discretionary review from an order arising out of a contempt proceeding. See Case No. A19D0514 (July 3, 2019). In the second appearance, we denied his application for discretionary review of a twelve-month family violence protective order entered against him. See Case No. A23D0192 (Jan. 18, 2023).

court." *Thomas v. Douglas County*, 217 Ga. App. 520, 522 (1) (457 SE2d 835) (1995); see also OCGA § 5-6-34 (a) (1). Therefore, in order to appeal the trial court's order, Spencer Hyde was required to comply with the interlocutory procedures and obtain a certificate of immediate review. See OCGA § 5-6-34 (b); see also *Miller v. Miller*, 288 Ga. 274, 282 (4) (705 SE2d 839) (2010) (holding that there was no final judgment in a divorce action until the reserved issue of attorney fees was resolved); *CitiFinancial Svcs., Inc. v. Holland*, 310 Ga. App. 480, 481 (713 SE2d 678) (2011). Parties seeking appellate review from an interlocutory order that also implicates the discretionary application statute must comply with the interlocutory application statute. See generally *Bailey v. Bailey*, 266 Ga. 832, 832-833 (471 SE2d 213) (1996). Spencer Hyde's failure to follow the interlocutory appeal procedures deprives this Court of jurisdiction over the appeal. Accordingly, Amber Hyde's motion to dismiss is hereby GRANTED, and this appeal is DISMISSED. See *Bailey*, 266 Ga. at 833. Additionally, Spencer Hyde's emergency motions are rendered MOOT.



Court of Appeals of the State of Georgia

Clerk's Office, Atlanta,___02/13/2023_____

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____, *Clerk.*