# Court of Appeals
# of the State of Georgia

ATLANTA,  April 06, 2023

*The Court of Appeals hereby passes the following order:*

**A23A0834. DAVID ANDREW LYNES v. A. DONALD WATERS, JR. et al.**

A. Donald Waters, Jr., and Brenda Waters filed a petition in the Probate Court of Columbia County against David Lynes, seeking an order directing him to remove personal property that interfered with their access to a roadway.[1] In their verified petition, the Waterses also requested an award of fees and costs, as well as other unspecified relief. The probate court entered judgment ordering Lynes to remove the obstructions within 48 hours and specifically retained jurisdiction over the case "to resolve any remaining issues asserted in the . . . [p]etition." Lynes filed this direct appeal from that order.[2] However, we lack jurisdiction.

As a threshold matter, we note that an order of the Columbia County probate court may generally be appealed directly to this Court. However, the order must be final. See OCGA § 5-6-34 (a) (1) (appeals generally may be taken from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below"); OCGA § 15-9-123 (a). In this case, the probate court expressly retained jurisdiction over the case in order to resolve any remaining issues raised in the petition, such as the Waters's request for litigation expenses pursuant to OCGA § 13-6-11. There is no indication that this or any other remaining issues have been resolved and final judgment entered. Consequently, because no final judgment has been entered, Lynes

---

[1] Columbia County has a population over 90,000, so it comes within the provisions of OCGA §§ 5-6-33 (a) (2), 15-9-120 and 15-9-123.

[2] Lynes has also filed a direct appeal from a superior court order dismissing his appeal from that same probate court order. See Case No. A23A0866.

was required to follow the interlocutory appeal procedures to appeal the probate court's order. See OCGA § 5-6-34 (b); *In re Estate of Reece*, 360 Ga. App. 364, 365-366 (861 SE2d 169) (2021); *CitiFinancial Servs. v. Holland*, 310 Ga. App. 480, 481 (713 SE2d 678) (2011). Lynes's failure to comply with the interlocutory appeals procedure deprives us of jurisdiction over this appeal. See *Bailey v. Bailey*, 266 Ga. 832, 833 (471 SE2d 213) (1996). Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,__04/06/2023_____*

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*