# Court of Appeals
# of the State of Georgia

ATLANTA,  June 16, 2023

*The Court of Appeals hereby passes the following order:*

**A23A1563.  JOHNNIE MARENE THOMAS v. ALVIN THOMAS.**

Following the death of the decedent, her son Alvin Thomas filed a petition for letters of administration in probate court. After the probate court entered a final order stating that the estate assets would be distributed equally to the two heirs, the decedent's son and daughter, Johnnie Marene Thomas, the daughter appealed to superior court. In superior court, the son filed a motion to remove the court-appointed administrator or to force him to take certain actions. The daughter then filed pleadings entitled "Argument to Prohibit Any Subpoena for Any Discovery," "Notice of Non-Final Order of Appeal," and "Amended Appellant Motion for Certification to File Interlocutory Appeal." On May 10, 2023, the superior court entered an order granting the son's motion to remove the administrator and appointing the son as the administrator; stating that, to the extent the daughter was attempting to file a motion to prohibit discovery and/or the issuance of subpoenas, such motion was denied; and stating that, to the extent the daughter was requesting a certificate of immediate review, such request was denied. The court also noted that the daughter appeared to have demanded a jury trial, and the court ordered that the matter be set down for trial on the court's next available civil jury trial calendar. The daughter then filed the instant pro se appeal from the superior court's May 10, 2023 order. The son has filed a motion to dismiss the appeal, arguing that the order is not appealable because it is interlocutory. We agree.

Under OCGA § 5-6-34 (a) (1), appeals may generally be taken from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below[.]" Here, the order the daughter seeks to appeal disposed of some of the parties' motions, but it was not a final judgment, as evidenced by the court ordering that the case be set down for jury trial. Consequently, this action remains pending in the superior court, and the daughter was required to use the interlocutory appeal procedures – including obtaining a certificate of immediate review from the superior court – to appeal the May 10, 2023 order. See OCGA § 5-6-34 (b); *CitiFinancial Svcs., Inc. v. Holland*, 310 Ga. App. 480, 481 (713 SE2d 678) (2011). The trial court declined to issue the certificate, and we will not interfere with the trial court's discretion in this regard. See *Scruggs v. Ga. Dept. of Human Resources*, 261 Ga. 587, 588 (1) (408 SE2d 103) (1991). The daughter's failure to obtain a certificate of immediate review deprives us of jurisdiction over this premature direct appeal. See *Bailey v. Bailey*, 266 Ga. 832, 833 (471 SE2d 213) (1996). Accordingly, the son's motion to dismiss the appeal is GRANTED, and the appeal is hereby DISMISSED.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta,__06/16/2023_____

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____, Clerk.