# Court of Appeals
# of the State of Georgia

ATLANTA,  May 31, 2024

*The Court of Appeals hereby passes the following order:*

**A24A1505. DREW WESTEN v. LAURA ARKOWITZ WESTEN.**

In 2019, plaintiff Drew Westen filed a petition to modify child custody and child support and a motion asking the court to hold his ex-wife, defendant Laura Westen, in contempt. In her answers, Laura asked the trial court to dismiss Drew's filings and to award her OCGA § 9-15-14 attorney fees. On August 24, 2023, the trial court issued an amended order granting Laura's motions to dismiss. In that order, the court "reserve[d] for consideration [Laura's] request for an award of attorney's fees and expenses of litigation under all statutory authority, without limitation, including" OCGA § 9-15-14 and ordered Laura to file a motion requesting such fees within 14 days.

Laura thereafter filed a motion for OCGA § 9-15-14 attorney fees, which the trial court denied on December 28, 2023. On January 29, 2024, Drew filed a notice of appeal, seeking to appeal the August 24 order granting Laura's motions to dismiss. We lack jurisdiction.

A notice of appeal must be filed within 30 days of entry of the judgment or trial court order sought to be appealed. OCGA § 5-6-38 (a). The proper and timely filing of a notice of appeal is an absolute requirement to confer appellate jurisdiction on this Court. *Perlman v. Perlman*, 318 Ga. App. 731, 739 (4) (734 SE2d 560) (2012). Drew's notice of appeal is untimely, as he filed it more than five months after the order he seeks to appeal.

Laura's request for attorney fees does not change that result. A trial court order that reserves ruling on a request for attorney fees generally is not final and appealable.

*CitiFinancial Svcs. v. Holland*, 310 Ga. App. 480, 480-481 (713 SE2d 678) (2011). But an otherwise final order that reserves ruling on a request for OCGA § 9-15-14 attorney fees is final and appealable, and the pendency of such a request does not toll the time to file an appeal from such an order. See *Hill v. Buttram*, 255 Ga. App. 123, 123-124 (564 SE2d 531) (2002). Here, in its August 24 order, while the trial court reserved ruling on Laura's request for attorney fees under "all statutory authority," the only such request pending at that time was based on OCGA § 9-15-14. And Laura's subsequent motion for attorney fees likewise was based on only that statute. Consequently, the pending request for attorney fees neither rendered the August 24 order non-final nor tolled the time to appeal that order. See id. We therefore lack jurisdiction over this untimely appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,   05/31/2024*

  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*