# Court of Appeals
# of the State of Georgia

ATLANTA, <u> October 28, 2024 </u>

*The Court of Appeals hereby passes the following order:*

## A25D0078. KENDRA KRIEG v. PATRICK KRIEG.

On June 10, 2024, the trial court entered final judgment granting a divorce to Kendra Krieg ("Wife") and Patrick Krieg ("Husband"). On August 6, 2024, the trial court awarded OCGA § 9-15-14 attorney fees to Husband. On September 4, 2024, Wife filed a motion in this Court for an extension of time to file an application for discretionary appeal. We granted the motion, giving Wife a deadline of October 4, 2024. On October 1, 2024, Wife filed this discretionary application, seeking to appeal both the divorce decree and the attorney fee award. For reasons that follow, we dismiss the application as to the divorce decree and deny it as to the attorney fee order.

With regard to the divorce decree, this application is untimely. An application for discretionary appeal must be filed within 30 days of the entry of the order to be appealed. OCGA § 5-6-35 (d). The requirements of OCGA § 5-6-35 are jurisdictional, and this Court cannot accept an application for appeal not made in compliance therewith. *Boyle v. State*, 190 Ga. App. 734, 734 (380 SE2d 57) (1989). The divorce decree was entered on June 10, but Wife did not seek an extension of time to file a discretionary application until September 4 — nearly two months later.[1] Further, the pendency of an OCGA § 9-15-14 attorney fee issue does not affect the finality of a case

---

[1] Under OCGA § 5-6-39 (d), a request for an extension of time "must be made before expiration of the period for filing as originally prescribed[.]" See also Court of Appeals Rule 16 (c).

for purposes of appealing the judgment. See *Hill v. Buttram*, 255 Ga. App. 123, 124 (564 SE2d 531) (2002) (reservation of OCGA § 9-15-14 attorney fee issue does not extend time for filing an appeal). See also *Sprenkle v. Sprenkle*, 363 Ga. App. 703, 705-706 (1) (872 SE2d 472) (2022) ("the wife's post-judgment motion for fees under OCGA § 9-15-14 did not toll the time for the husband to appeal from the [underlying] order"). Accordingly, we lack jurisdiction to consider Wife's challenges to the divorce decree entered on June 10, 2024, and this application is hereby DISMISSED to the extent that Wife seeks review of that order. See *Sprenkle*, 373 Ga. App. at 705-706 (1).

As to the attorney fee award entered on August 6, 2024, we have reviewed the merits of this application, and it is hereby DENIED.



Court of Appeals of the State of Georgia
  Clerk's Office, Atlanta,___10/28/2024_____

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____ , Clerk.