# Court of Appeals
# of the State of Georgia

ATLANTA,  March 23, 2026

*The Court of Appeals hereby passes the following order:*

## A26A0577, A26A0578. UNION GENERAL HOSPITAL, INC. v. ANNA GIACOMI, and vice versa.

In this action for medical malpractice and negligent credentialing, the jury rendered a verdict in favor of plaintiff Anna Giacomi for $47,000,000 and found that defendant Union General Hospital was fifty percent at fault for her injuries. The trial court then entered judgment for Giacomi in the amount of $23,500,000, plus court costs and prejudgment interest. The hospital moved for judgment notwithstanding the verdict or for a new trial, and Giacomi moved to amend the judgment to include a full damages award, with no apportionment for fault, as well as attorney fees and expenses under OCGA § 9-11-68. The trial court entered separate orders denying the hospital's motion and granting in part and denying in part Giacomi's motion. In particular, the court ruled that Giacomi was not entitled to the full amount of the jury award, but was entitled to an award of attorney fees and expenses under OCGA § 9-11-68. However, the court reserved ruling on the amount of that award pending the presentation of additional evidence. In Case No. A25A0577, the hospital appeals from the denial of its motion for judgment notwithstanding the verdict or for a new trial. And in Case No. A25A0578, Giacomi cross-appeals from the denial of her motion to amend the judgment and other rulings. We lack jurisdiction.

Under OCGA § 5-6-34 (a) (1) (A), direct appeals generally may be taken from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below[.]" See also *Yanes v. Escobar*, 362 Ga. App. 896, 897 (870 SE2d 506) (2022) ("an order is final and appealable when it leaves no issues remaining to be resolved,

constitutes the court's final ruling on the merits of the action, and leaves the parties with no further recourse in the trial court") (punctuation omitted). A trial court order that reserves ruling on a request for attorney fees generally is not final and appealable. See *Barnes v. Barnes*, 361 Ga. App. 279, 281 (864 SE2d 119) (2021) (dismissing direct appeal from trial court order that "specifically reserved ruling on the parties' motions for attorney fees" and therefore "'was not a final judgment'"); *CitiFinancial Svcs. v. Holland*, 310 Ga. App. 480, 480-481 (713 SE2d 678) (2011) (concluding that we lacked jurisdiction over direct appeal from trial court order that did not resolve attorney fee motion).

Here, the trial court has reserved ruling on Giacomi's motion for attorney fees under OCGA § 9-11-68 pending the presentation of further evidence, so the case remains pending below. To obtain appellate review of the trial court's order at this juncture, the parties were required to follow the interlocutory appeal procedures set forth in OCGA § 5-6-34 (b), which include obtaining a certificate of immediate review from the trial court. See *Islamkhan v. Khan*, 299 Ga. 548, 551 (2) (787 SE2d 731) (2016). The parties' failure to follow those procedures deprives us of jurisdiction over these appeals, which are hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,___03/23/2026_____*

     *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

     *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*