## 59053. MASSENGALE v. GEORGIA POWER COMPANY.

CARLEY, Judge.

Appellant-condemnee appeals from an order dismissing her de novo appeal from the award of the special master as a sanction for failing to obey a court

order compelling answers to interrogatories propounded to her by the appellee-condemnor.

Appellant filed her appeal from the special master's award on September 13, 1976. On July 5, 1977, the appellee filed its interrogatories. On November 7, 1977, appellant moved for a protective order under Code Ann. § 81A-126 (c). On March 3, 1978, appellant's motion for a protective order was denied. On June 14, 1978, appellant made her response to the interrogatories. On July 17, 1978, the appellee moved for an order to compel discovery on the ground that the answers previously filed were "so evasive or incomplete as to be treated as a failure to answer." On August 11, 1978, appellant filed a supplemental response to the interrogatories. On December 20, 1978, the trial court, reviewing appellant's responses, found them to be inadequate and incomplete and ordered that she answer. Code Ann. § 81A-137 (a). The order made no provision for a time limit within which appellant's compliance was required. No response was forthcoming. On June 29, 1979, the appellee moved to dismiss appellant's appeal as a sanction for failure to comply with the order that she respond to the interrogatories. A hearing was set for July 13, 1979. On July 12, 1979, appellant filed her answers to the interrogatories. On the day following, after a hearing, the motion to dismiss was granted.

1. We have reviewed the record and find no abuse of the trial court's discretion in imposing the sanction of dismissal for appellant's wilful failure to comply with the order of December 20, 1978, that she respond to interrogatories which were filed originally on July 5, 1977, and to which no unevasive or complete answers were filed until July 12, 1979, the day before the hearing on sanctions. *Swindell v. Swindell,* 233 Ga. 854 (213 SE2d 697) (1975); *Turner v. Gray,* 150 Ga. App. 714 (258 SE2d 905) (1979). Compare *Thornton v. Burson,* 151 Ga. App. 456 (1979), where the party from whom more complete answers were sought made an immediate and good faith attempt to comply with the order compelling additional answers. The fact that the order compelling discovery did not set a definite time for appellant's compliance does not require a contrary result. While it is unclear from the

decision itself as to whether the order in *Turner* compelling answers to interrogatories contained a time limit for compliance, the record in that case demonstrates that the order did not in fact contain such a definite time limit. The lack of such a time limit was raised by appellant in *Turner* but this court, as evidenced by the decision, found this argument to be unavailing. While it is clearly the better practice for the trial judge to include such a definite time limit when granting a motion to compel discovery under Code Ann. § 81A-137 (a), we agree that the lack of such a time frame does not, standing alone, militate against an imposition of sanctions under Code Ann. § 81A-137 (b) where there is evidence supporting a finding of wilful failure. Here the December 20, 1978, order required appellant to respond to the interrogatories—to comply with Code Ann. § 81A-133. Absent a definite time for compliance, we believe the 30-day period contemplated by Code Ann. § 81A-133 would be the applicable time within which to comply. Thus, the party who has been ordered to answer interrogatories is "protected" from a motion for sanctions for 30 days. And if he cannot comply with Code Ann. § 81A-133 as ordered by the court, within 30 days a request for an extension of time under Code Ann. § 81A-106 (b) would be the appropriate response rather than continued noncompliance. Only in this manner can there be an appropriate balancing between the burden which an order to compel discovery imposes and the necessity that every effort be made to obey rather than to ignore court orders. Here the record demonstrates that the first response by appellant to the order compelling answers to interrogatories was her answers filed some eleven months later and after the motion for sanctions had been filed. In view of the entire two-year history of appellant's reaction to the interrogatories, we cannot say that the trial court abused its discretion under Code Ann. § 81A-137 (b) in dismissing appellant's appeal. *Swindell v. Swindell,* 233 Ga. 854, supra.

2. Appellant enumerates as error the failure of the trial court to try the case at the first term following the filing of her notice of appeal from the special master's award. However, pretermitting the merits of appellant's

arguments concerning this alleged error, it was never made an issue before the trial court; consequently, no question is presented for review by this court on appeal. *DeKalb County v. Cowan,* 151 Ga. App. 753, 755 (11) (1979).

*Judgment affirmed. Quillian, P. J., and Shulman, J., concur.*

ARGUED JANUARY 7, 1980 — DECIDED FEBRUARY 14, 1980.

*Charles T. Ballard,* for appellant.
*J. C. Owen, Jr.,* for appellee.