## 68159. DAIRYLAND INSURANCE COMPANY v. McINTOSH.

BENHAM, Judge.

Appellee McIntosh was involved in an automobile collision on October 30, 1979. When the other party to the accident filed suit against appellee seeking damages for the injuries she had sustained in the collision, appellee filed a third-party complaint naming appellant Dairyland Insurance Company as the third-party defendant and alleging that appellee had been insured at the time of the collision by Dairyland, which now refused to indemnify or represent him in the main lawsuit. However, in response to interrogatories propounded prior to the initiation of the third-party suit, appellee swore that he had had no insurance at the time of the accident. Those answers were subsequently amended. After conducting a hearing and considering the depositions and other matters of record, the trial court denied appellant's motion for summary judgment and granted appellee's motion for partial summary judgment. From the judgment entered thereon, appellant brings this appeal.

The record contains the deposition of a representative of appellant, the deposition of the insurance agent who purportedly sold a Dairyland liability insurance policy to appellee, and two depositions of appellee. In his two depositions, appellee gave differing times as to when he had sought automobile insurance from William Davis, an insurance agent employed by Associated Brokers. Appellee went on to state that he had received insurance papers from Davis in exchange for the payment of a $50 premium. When asked at the scene of the accident to produce proof of insurance, appellee presented the insurance papers he had received from Davis to the police officer, who noted on his incident report that Dairyland was appellee's liability insurance company. Shortly after the automobile accident, appellee received in the mail an automobile insurance policy with an effective date of November 9, 1979, from an insurance company other than Dairyland.

Mr. Davis, the insurance agent with whom appellee did business, stated in his deposition that he recalled completing appellee's application for insurance and forwarding it to Associated Brokers' main office from where it was to be forwarded to Dairyland. He stated that Dairyland had a monthly policy which required a low down payment; that $50 would cover premiums for a two-month period; and that his agency was "writing Dairyland at the time, so [appellee] was written on Dairyland with a Dairyland bonding . . ."

The agency manager for Dairyland's Atlanta branch acknowledged that Dairyland and Associated Brokers had entered into an agreement in March 1979 which authorized Associated Brokers to solicit contracts of insurance and to bind insurance on behalf of Dairy-

land. However, the Dairyland representative noted that appellant had no record of receiving an application for insurance from or on behalf of appellee McIntosh and that no insurance policy was issued to appellee by Dairyland. In an affidavit, the Dairyland representative supplemented his deposition testimony with a statement that Dairyland had never received any premiums from or on behalf of appellee.

1. In response to appellee's contention, we note that "the denial of a motion for summary judgment can be appealed without application when it is tied to the appeal of an appealable order or judgment." *Southeast Ceramics v. Klem*, 246 Ga. 294 (1) (271 SE2d 199) (1980).

2. Appellant argues that the denial of its motion for summary judgment and the grant of partial summary judgment to appellee were inappropriate because no contract of insurance between the parties existed; that Davis was McIntosh's agent and not appellant's agent; and that even if Davis were appellant's agent, appellant cannot be held responsible for the fraudulent or illegal acts of a dual or independent agent. We reject each of appellant's contentions.

In soliciting appellee's application for insurance coverage and issuing temporary insurance papers to appellee, Davis was acting as Dairyland's agent pursuant to the March 1979 agreement between appellant and Davis' employer, and Davis was acting within the scope of the authority given him under the agency agreement. Even when Davis is viewed as the dual agent of Dairyland and McIntosh, "equity will not allow [the principal] to be relieved of responsibility for misrepresentations of the dual agent upon which the other principal relied to his detriment *when the action is in contract*." (Emphasis supplied.) *Home Materials, Inc. v. Auto Owners Ins. Co.*, 250 Ga. 599, 603 (300 SE2d 139) (1983). In light of the foregoing precedent, the trial court did not err in granting partial summary judgment to appellee and denying appellant's motion for summary judgment.

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED JULY 10, 1984 —
REHEARING DENIED JULY 26, 1984.

*Richard B. Eason, Jr.*, for appellant.
*Eugene O'Brien, Thomas F. Jones*, for appellee.

ON MOTION FOR REHEARING.

On motion for rehearing, appellant sets forth a new ground upon which it bases its resistance to a grant of summary judgment in favor of appellee. Since this ground was never made an issue before the trial court, no question is presented for appellate review. *Massengale*

*v. Ga. Power Co.*, 153 Ga. App. 476 (2) (265 SE2d 830) (1980).
*Motion for rehearing denied.*