## A02A0137. GRIFFIN v. THE STATE.
### (564 SE2d 530)

JOHNSON, Presiding Judge.

Ronald Griffin was indicted on three counts of armed robbery committed by using an offensive weapon or an object having the appearance of an offensive weapon, to wit: a toy handgun. He pled not guilty to the charges and was tried before a jury, which found him guilty on all three armed robbery counts. He appeals, arguing that the trial court erred in not charging the jury that the state had to prove that the robberies were committed by use of a toy gun. The argument is without merit because the court properly charged the jury, and we therefore affirm Griffin's convictions.

The evidence shows that Griffin and two other men robbed three men who had stopped at an automatic teller machine in Savannah. During the robbery, Griffin held what appeared to be a handgun, and one of the other robbers held a knife. They took money and a cellular phone from the victims.

A videotape from the ATM robbery, as well as a still photograph from that tape, shows Griffin holding what appears to be a handgun. One of the victims testified that he told the police the gun was a black revolver, but he was not sure if it was a real gun. Another victim testified that he did not get a good look at the weapon. And the third victim said that he originally thought it was a starter pistol, but then decided it was a real gun. There was also testimony that shortly after the robbery, a police officer chased a car matching the robbers' getaway car, and a toy gun was thrown out of that car.

The trial judge instructed the jurors that they would have the indictment with them to consult during their deliberations. The judge charged the jury that the state had the burden of proving beyond a reasonable doubt every material allegation, and each essential element of the offenses charged, in the indictment. And the judge then gave the jury the statutory definition of armed robbery: that a person commits armed robbery when he takes property of another from the person or immediate presence of another by use of an offensive weapon or any replica, article or device having the appearance of such weapon.[1]

Having reviewed the charge in its entirety, we find no error. The court fully and accurately charged the jury on the applicable law, including the state's burden of proof and the crimes with which Griffin was charged.[2] Given the instructions and the evidence adduced at trial, the jury could not have been misled into convicting Griffin of

---

[1] See OCGA § 16-8-41 (a).
[2] See *Prins v. State*, 246 Ga. App. 585, 588 (2) (539 SE2d 236) (2000).

armed robbery by any means other than that charged in the indictment — by using a weapon or an object appearing to be a weapon.[3]

*Judgment affirmed. Blackburn, C. J., and Miller, J., concur.*

DECIDED APRIL 17, 2002.

*Caleb B. Banks*, for appellant.

*Spencer Lawton, Jr., District Attorney, Christine S. Barker, Assistant District Attorney*, for appellee.

---

[3] See *Mattison v. State*, 215 Ga. App. 635 (1) (451 SE2d 807) (1994).