S10A1443, S10X1442. O'LEARY et al. v. WHITEHALL CONSTRUCTION et al.; and vice versa.

(708 SE2d 353)

BENHAM, Justice.

In August 2005, appellants Joseph and Teresa O'Leary brought a trespass and nuisance action contending appellee Whitehall Construction and the other appellees' activities associated with constructing a house on a next-door lot caused excessive storm water runoff onto the O'Learys' property in 2004-2005. In October 2006, prior to the trial of the case, appellees offered the O'Learys a settlement of $40,000. See OCGA § 9-11-68 (a).[1] The O'Learys declined the offer, and the case was tried before a jury which returned a defense verdict. A final judgment based on the verdict was entered on October 4, 2007, and the O'Learys timely moved for a new trial on October 29. Appellees moved to enforce the offer of settlement pursuant to OCGA § 9-11-68 and moved for attorney fees pursuant to OCGA § 9-15-14 (a) and (b). After holding a hearing, the trial court denied the O'Learys' motion for new trial on March 9, 2009. On December 31, 2009, the trial court issued an order denying any award of fees under OCGA § 9-15-14, but awarding reasonable fees and expenses totaling $60,291.52 pursuant to OCGA § 9-11-68

---

[1] OCGA § 9-11-68 (a) provides in pertinent part as follows:

(a) At any time more than 30 days after the service of a summons and complaint on a party but not less than 30 days (or 20 days if it is a counteroffer) before trial, either party may serve upon the other party, but shall not file with the court, a written offer, denominated as an offer under this Code section, to settle a tort claim for the money specified in the offer and to enter into an agreement dismissing the claim or to allow judgment to be entered accordingly. . . .

(b) (1).[2] The O'Learys filed a notice of appeal within 30 days of the December 2009 order on fees and expenses and the defendants cross-appealed.

1. "It is the duty of this [C]ourt to raise the question of its jurisdiction in all cases in which there may be any doubt as to the existence of such jurisdiction." *Veasley v. State*, 272 Ga. 837, 838 (537 SE2d 42) (2000) (citation and punctuation omitted). In Case No. S10A1443, appellees contend that the O'Learys' effort to appeal the March 2009 denial of the motion for new trial is untimely. We agree. "OCGA § 5-6-38 (a) requires that a notice of appeal be filed within 30 days after entry of the judgment complained of, or within 30 days after the entry of the order finally disposing of a motion for new trial. The failure to file timely a notice of appeal subjects the appeals at bar to dismissal." *Rowland v. State*, 264 Ga. 872 (1) (452 SE2d 756) (1995). Here, the trial court entered a final judgment on October 4, 2007, and the O'Learys' filing a motion for new trial tolled the time for appeal. OCGA § 5-6-38 (a). However, as soon as the court issued its order disposing of the motion for new trial, the 30-day time period to file a notice of appeal began to run. Id. The appellees' post-judgment motions for fees under OCGA §§ 9-11-68 and 9-15-14 did not toll the time for the O'Learys to appeal from the March 2009 order denying their motion for new trial. See *Hill v. Buttram*, 255 Ga. App. 123 (564 SE2d 530) (2002) (motion for fees pursuant to OCGA § 9-15-14 does not toll time to appeal from final judgment). Since the O'Learys failed to timely file a notice of appeal in regard to the March 2009 order, this Court is without jurisdiction to review the propriety or substance of that order. *Veasley v. State*, 272 Ga. at 838. The only appealable order before the Court is the December 31, 2009 order awarding attorney fees and expenses pursuant to OCGA § 9-11-68. Accordingly, the Court will not consider the enumerated errors associated with the denial of the O'Learys' motion for a new trial.

2. In Case No. S10A1443, the O'Learys opine that the trial court erred when it did not apply the original version of OCGA § 9-11-68 (2005)[3] which was in effect at the time the action was filed in August

---

[2] OCGA § 9-11-68 (b) (1) provides as follows:

   (b) (1) If a defendant makes an offer of settlement which is rejected by the plaintiff, the defendant shall be entitled to recover reasonable attorney's fees and expenses of litigation incurred by the defendant or on the defendant's behalf from the date of the rejection of the offer of settlement through the entry of judgment if the final judgment is one of no liability or the final judgment obtained by the plaintiff is less than 75 percent of such offer of settlement.

[3] At that time, subsection (b) of the statute provided: "When the complaint sets forth a tort claim for money, if the offeree rejects or does not accept the offer and the judgment finally obtained by the offeree was not at least 25 percent more favorable than the last offer, the

2005. At the time appellees made their settlement offer in October 2006 and at the time the offer stood rejected 30 days later, the newly amended version of OCGA § 9-11-68 (2006)[4] was in effect, and that is the version of the law which the trial court applied. Generally, laws do not have a retroactive application. OCGA § 1-3-5. If, however, new legislation "merely cures defects, enforces existing obligations, or confirms existing rights," and does not impair the substantive rights of the parties, it may operate retrospectively. *DeKalb County v. State of Ga.*, 270 Ga. 776, 778 (512 SE2d 284) (1999). In this case, inasmuch as the O'Learys did not obtain any judgment amount in their favor (or, alternatively were awarded $0), it did not matter whether the original or amended version of the statute was applied, or whether the amendment was substantive or procedural in nature, because under either version of the statute the O'Learys were liable for the appellees' reasonable fees and expenses from the date the offer of settlement is rejected. Therefore, the trial court did not err when it applied the 2006 version of OCGA § 9-11-68.[5]

3. In Case No. S10X1442, cross-appellants allege the trial court erred when it failed to grant attorney fees pursuant to OCGA § 9-15-14. Cross-appellants contend the trial court abused its discretion on two grounds: (1) when it held that the partial denial of cross-appellants' motion for summary judgment precluded an award under OCGA § 9-15-14 (b); and (2) when the trial court purportedly improperly analyzed OCGA § 9-15-14 (b). For reasons set forth below, we affirm the denial of fees under OCGA § 9-15-14.

(a) Cross-appellants filed a motion for summary judgment, and the trial court granted it in part and denied it in part. The trial court denied the motion in regard to the O'Learys' claims of completed trespass and nuisance, and punitive damages, and granted the motion in regard to the O'Learys' claims for continuing trespass and nuisance and for a permanent injunction. Cross-appellants argue that the trial court erred when it concluded, pursuant to *Gantt v. Bennett*, 231 Ga. App. 238 (9) (499 SE2d 75) (1998), that an award under OCGA § 9-15-14 (b) was precluded because the O'Learys

---

offeree shall pay the offeror's reasonable attorney's fees and costs incurred after the rejection of the last offer."

[4] As of April 27, 2006, the amended subsection (b) of the statute provided:

(b) (1) If a defendant makes an offer of settlement which is rejected by the plaintiff, the defendant shall be entitled to recover reasonable attorney's fees and expenses of litigation incurred by the defendant or on the defendant's behalf from the date of the rejection of the offer of settlement through the entry of judgment if the final judgment is one of no liability or the final judgment obtained by the plaintiff is less than 75 percent of such offer of settlement.

[5] Consequently, we need not address the O'Learys' contentions regarding the constitutionality of the 2005 version of OCGA § 9-11-68.

partially prevailed on cross-appellants' motion for summary judgment. OCGA § 9-15-14 (b) provides for the award of attorney fees if, among other reasons, a party brings an action "lack[ing] substantial justification." In *Gantt v. Bennett*, the Court of Appeals held that if a party does not prevail on summary judgment and does not prevail on a motion for a directed verdict, the party is precluded from obtaining fees under OCGA § 9-15-14 (b). In this case, it does not appear that cross-appellants moved for a directed verdict and, for that reason, *Gantt v. Bennett* is distinguishable. However, in reading the trial court's order in total it is clear that the trial court did not find that the O'Learys' allegations were without "substantial justification" warranting an award under OCGA § 9-15-14. "[A] trial court's award to a party whose motion for summary judgment was denied must be vacated except in unusual cases where the trial judge could not, at the summary judgment stage, foresee facts authorizing the grant of attorney fees." *Porter v. Felk*, 261 Ga. 421 (3) (405 SE2d 31) (1991). In partially denying the cross-appellants' motion for summary judgment, the trial court found that there were genuine issues of fact for trial and, in its order denying fees, the trial court also stated that there were no facts revealed at trial that would have changed its decision on summary judgment. Appellees have failed to identify any unusual circumstances which the trial court overlooked at the summary judgment phase and which would support their entitlement to fees. See id. Accordingly, the trial court did not abuse its discretion when it declined to award fees under OCGA § 9-15-14 (b).

(b) Cross-appellants contend the trial court improperly analyzed the OCGA § 9-15-14 (b) award in terms of an award under OCGA § 13-6-11 (expenses of litigation) by concluding the filing of a lis pendens was not "bad faith" on the part of the O'Learys and by considering the level of the O'Learys' litigiousness. Inasmuch as the trial court repeatedly cited OCGA § 9-15-14 and did not invoke or cite OCGA § 13-6-11, we will not presume the trial court relied on that statute to deny cross-appellants fees under OCGA § 9-15-14. Accordingly, cross-appellants' enumerations of error cannot be sustained and the judgment of the trial court is affirmed.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 18, 2011.

*Larry E. Stewart*, for O'Leary et al.

*Teague & Zeliff, James S. Teague, Jr., Keisha L. Chambless, Larry C. Oldham,* for Whitehall Construction, LLC et al.