# Court of Appeals of the State of Georgia

ATLANTA,   May 30, 2014

*The Court of Appeals hereby passes the following order:*

## A14D0358. ALISHIA BRISTOW SMITH et al. v. SOPSN TRUST, A. BROWN, TRUSTEE.

This case commenced as a dispossessory action in magistrate court. The magistrate court entered judgment in favor of the plaintiff, and defendant Alishia Bristow Smith appealed to superior court. On March 3, 2014, the superior court entered summary judgment in favor of the plaintiff on all claims. The superior court subsequently entered an order requiring that Smith pay rent into the registry of the court pending any appeal. On April 22, 2014, the trial court entered an order correcting a typographical error in its prior order. On May 5, 2014, Smith filed this discretionary application, seeking to challenge the trial court's several rulings. We lack jurisdiction.

First, Smith's right to appeal accrued from the trial court's March 3, 2014 final order granting summary judgment to the plaintiff. See *O'Leary v. Whitehall Const.*, 288 Ga. 790, 791 (1) (708 SE2d 353) (2011) (notice of appeal must be filed within 30 days after entry of judgment complained of). Other than motions for new trial or motions for j. n. o. v., post judgment motions or orders do not toll the time in which to appeal the underlying judgment. See id. Thus, Smith's failure to file a timely application for discretionary appeal from the court's March 3rd order precludes us from reviewing the substance of that order. See id.

Second, Smith failed to file a timely application from the trial court's last ruling. Generally, an application for discretionary appeal must be filed within 30 days of entry of the order sought to be appealed. See OCGA § 5-6-35 (d). But the underlying subject matter of an appeal controls over the relief sought in determining

the proper appellate procedure. *Rebich v. Miles*, 264 Ga. 467, 467-468 (448 SE2d 192) (1994). OCGA § 44-7-56 provides that an appeal from any dispossessory judgment must be filed within seven days of the date the judgment was entered. See *Ray M. Wright, Inc. v. Jones*, 239 Ga. App. 521 (521 SE2d 456) (1999). Assuming, for the sake of argument, that she had a right to appellate review of the trial court's April 22nd order, her application was not filed until 13 days after entry of this order.

Smith argues that, under OCGA § 9-11-6 (e), she is given an additional three days in which to file. But her application was filed more than three days late.

For these reasons, we lack jurisdiction to consider this application for discretionary appeal, which is hereby DISMISSED.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta, 05/30/2014
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, Clerk.