# Court of Appeals
# of the State of Georgia

ATLANTA,  December 06, 2018

*The Court of Appeals hereby passes the following order:*

**A19D0177.  CORNELIUS HOOPER v. JOSEPHINE HOOPER.**

On May 25, 2018, the trial court issued a final judgment and decree of divorce in this case. Cornelius Hooper ("the husband") thereafter filed a motion for new trial on June 25, which the court dismissed on September 6 after he failed to appear at the scheduled hearing. In the same order, the trial court indicated that it would entertain a motion for fees from Josephine Hooper ("the wife"). In an order dated October 12, the court awarded the wife's request for attorney fees[1] pursuant to OCGA § 9-15-14 for having to defend against the husband's motion for new trial. The husband then filed an application for discretionary review in this Court on November 13, seeking to appeal issues related solely to the trial court's custody award in the May 25 divorce decree.

An application is timely if it is filed within 30 days of entry of the order sought to be appealed. OCGA § 5-6-35 (d). For this Court to have jurisdiction, an application for discretionary appeal must be timely filed. See *In the Interest of B. R. F.*, 299 Ga. 294, 298 (788 SE2d 416) (2016); see also *Boyle v. State*, 190 Ga. App. 734, 734 (380 SE2d 57) (1989) ("The requirements of OCGA § 5-6-35 are jurisdictional and this court cannot accept an appeal not made in compliance therewith."). Here, the trial court entered a final judgment and divorce decree on May 25 and the husband's timely filing of a motion for new trial tolled the time for filing an application. OCGA § 5-6-35 (d). However, as soon as the court issued its order disposing of the motion for new trial, the 30-day time period to file an application began to run. Id.

---

[1] The wife's motion for attorney fees is not part of the application materials.

The husband argues that his application is timely because it was filed within 30 days of the trial court's October 12 order awarding the wife attorney fees. The wife's post-judgment motion for fees under OCGA § 9-15-14, however, did not toll the time for the husband to appeal from the September 6 order dismissing his motion for new trial. See *Hill v. Buttram*, 255 Ga. App. 123, 124 (564 SE2d 531) (2002) (motion for fees pursuant to OCGA § 9-15-14 does not toll time to appeal from final judgment). Because the husband filed his application 68 days following the entry of the trial court's order dismissing his motion for new trial, he has failed to show that his application is timely in regard to the September 6 order and "this Court is without jurisdiction to review the propriety or substance of that order." *O'Leary v. Whitehall Constr.*, 288 Ga. 790, 791 (1) (708 SE2d 353) (2011). The only appealable order before the Court is the October 12 order awarding attorney fees and expenses to the wife pursuant to OCGA § 9-15-14. However, all of the husband's arguments in his application pertain to the underlying divorce proceeding.

Here, the husband failed to file his application within 30 days of the trial court's dismissal of his motion for new trial, which is a jurisdictional prerequisite. OCGA § 5-6-35 (d); *Boyle*, 190 Ga. App. at 734. Accordingly, the husband's application for discretionary appeal is hereby DISMISSED. The wife's request for a frivolous appeal penalty is DENIED. See Court of Appeals Rule 41 (b); *Ridley v. Turner*, 335 Ga. App. 108, 113 (6) (778 SE2d 844) (2015).





*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,   12/06/2018*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*