**FIRST DIVISION**
**BARNES, P. J.,**
**BROWN and HODGES, JJ.**

**NOTICE: Motions for reconsideration must be**
*physically received* **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**April 21, 2022**

# In the Court of Appeals of Georgia

A22A0573. SPRENKLE v. SPRENKLE.

BROWN, Judge.

Paul Sprenkle, Jr. ("the husband") appeals from the trial court's dismissal of his petition to domesticate a foreign judgment and its award of attorney fees to Kathleen Sprenkle ("the wife"). As explained infra, because the husband failed to timely file a notice of appeal from the dismissal order, this Court is without jurisdiction to consider the merits of that order. However, we reverse the trial court's award of attorney fees to the wife under OCGA § 9-15-14 (b).

The relevant facts are undisputed by the parties. The husband and the wife married in 1988, and had three children during the course of their marriage. In 2012, the parties divorced in the state of New York, where the family had been living since 2009. On July

31, 2013, a trial court in New York awarded the husband primary physical custody of the children, and the husband moved the children to Georgia.

In 2014, the husband filed in the Superior Court of Cobb County a "Motion to Domesticate a Foreign Judgment and Petition for Modification of Parenting Time and Child Support." The husband sought to domesticate the 2013 New York judgment in Georgia pursuant to OCGA § 19-9-62, the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), and requested that the Georgia superior court take jurisdiction of custody and parenting time. On April 18, 2014, the New York trial judge e-mailed counsel for both parties to inform them that she "retained jurisdiction for 4 years,"[1] and that pursuant to the UCCJEA, she wanted to discuss the issue of jurisdiction with the Georgia trial judge assigned to the case. The Georgia and New York judges conducted a conference on June 6, 2014, and decided to set the case for a UCCJEA hearing in New York where that court would determine whether jurisdiction should be relinquished to Georgia. However, it appears from the record that the hearing never occurred. And, on March 12, 2015, the New York trial court issued an "Order and Money Judgment," ruling on issues of parent-child communication, travel expenses, and attorney

---

[1] It is unclear whether the New York judge meant she retained jurisdiction for four years from her 2013 order, from the time of her e-mail, or from some other "decision" or order not in the record before this Court.

2

fees, but making no reference to the jurisdictional issue. Nearly seven years later on April 6, 2021, with no notice to the parties, the Georgia trial court dismissed the 2014 action for dormancy, pursuant to OCGA § 9-2-60 (b) and OCGA § 9-11-41 (e),[2] expressly stating that its dismissal was not an adjudication on the merits.

On July 28, 2020, the husband filed a second "Motion to Domesticate a Foreign Judgment and Petition for Modification of Parenting Time," seeking essentially the same relief.[3] On September 9, 2020, the wife moved to dismiss the petition based on New York not relinquishing jurisdiction and Georgia's lack of personal jurisdiction over her. The husband opposed the motion, requesting a UCCJEA conference with New York and asking the court not to dismiss his petition before the conference. In February 2021, the husband filed a motion in the New York court, seeking a declaratory judgment that the New York court no longer maintained exclusive, continuing jurisdiction over the custody proceedings. The court scheduled a hearing on the motion for March 23, 2021, but the

---

[2] Both OCGA §§ 9-2-60 (b) and 9-11-41 (e) pertinently provide that any action in which no written order is taken for a period of five years shall automatically stand dismissed with costs to be taxed against the party plaintiff.

[3] At the time the 2020 petition was filed, the wife was still living in New York while the husband and the only minor child were still living in Georgia.

hearing did not occur until May 25, 2021.[4] Despite the husband's request, the Georgia court dismissed the 2020 petition on March 29, 2021. In the dismissal order, the court stated that after the New York court's July 2013 order, that court subsequently exercised its exclusive, continuing jurisdiction with its March 12, 2015 order, and because New York continued to have exclusive jurisdiction, it could not modify the order pursuant to OCGA § 19-9-63.

On May 13, 2021, before the hearing on jurisdiction in the New York court, the wife filed a motion for attorney fees, pursuant to OCGA § 9-15-14 (b), alleging that the husband's 2020 petition lacked substantial justification. The husband opposed the motion, arguing that the filing of the petition was justified, and countered for attorney fees. After a hearing on the cross-motions for attorney fees, the Georgia trial court ordered the husband to pay fees pursuant to OCGA § 9-15-14 (b), finding that the husband's 2020 petition lacked substantial justification. The court noted that the husband had filed a substantially similar petition in 2014, "which was likewise resolved in [the wife's] favor when, following a UCCJEA conference between this Court and the Supreme Court of New York, the latter continued to exercise its continuing jurisdiction[.]" The court also

_____

[4] At the hearing, the New York court considered the necessary factors and determined that it would retain jurisdiction, noting the fact that there was no pending matter in Georgia. By that time, both the 2014 and 2020 petitions had been dismissed.

4

noted that the New York court has not determined that it no longer has exclusive, continuing jurisdiction or that a Georgia court would be a more convenient forum pursuant to OCGA § 19-9-63. In awarding attorney fees, the court noted that the invoices submitted by the wife's counsel reflected $7,489.35 in fees, but it found that only $6,257.35 was reasonable and necessary without further explanation.

The husband filed an application for discretionary appeal on September 24, 2021, which this Court granted. The husband subsequently filed his notice of appeal on October 25, 2021. On appeal, the husband argues that the trial court erred in dismissing his 2020 petition and in awarding attorney fees to the wife.

1. As an initial matter, "it is incumbent upon this Court to inquire into its own jurisdiction." (Citation and punctuation omitted.) *MSM Poly v. Textile Rubber & Chemical Co.*, 353 Ga. App. 538, 539 (1) (839 SE2d 4) (2020). The trial court entered the order granting the wife's motion to dismiss the husband's 2020 petition on March 29, 2021. That order was a final order and did not reserve any issues for further review by the court. Thus, the husband had 30 days therefrom to file an application for discretionary appeal to challenge the order. See OCGA § 5-6-35 (a) (2), (b), (d). He failed to do so. Moreover, the wife's post-judgment motion for fees under OCGA § 9-15-14, did not toll the time for the husband to appeal from the March 29, 2021 order dismissing his petition.

5

See *O'Leary v. Whitehall Construction*, 288 Ga. 790, 791 (1) (708 SE2d 353) (2011) (motion for fees pursuant to OCGA § 9-15-14 does not toll time to appeal from final judgment); *Hill v. Buttram*, 255 Ga. App. 123, 124 (564 SE2d 531) (2002) (same). Because the husband failed to timely appeal from the March 29, 2021 order, this Court is without jurisdiction to consider the merits of that order. See *Parker v. Robinson*, 337 Ga. App. 362, 364 (1) (787 SE2d 317) (2016) (physical precedent only); *In re Estate of Dasher*, 259 Ga. App. 201, 204 (576 SE2d 559) (2002) ("a timely filed notice of appeal is a jurisdictional prerequisite to a valid appeal"). The only appealable order before the Court is the order awarding the wife attorney fees pursuant to OCGA § 9-15-14. Accordingly, we will not consider the enumerated error associated with the dismissal of the husband's petition.

2. The husband contends that the trial court erred in awarding attorney fees to the wife pursuant to OCGA § 9-15-14 because his petition did not lack substantial justification as defined by the statute. He also asserts that the trial court failed to include sufficient findings of fact to support its conclusion that his petition lacked substantial justification and that the award failed to show how the court arrived at the amount of fees awarded. We agree with the husband that the trial court abused its discretion in concluding that his 2020 petition lacked substantial justification.

6

OCGA § 9-15-14 (b) authorizes a trial court to award reasonable attorney fees upon a finding that an action or any part thereof lacked substantial justification or that the action was interposed for delay or harassment, or if it finds that an attorney or party unnecessarily expanded the proceeding by other improper conduct. As used in this Code section, lacked substantial justification means substantially frivolous, substantially groundless, or substantially vexatious.

(Citation and punctuation omitted.) *Spirnak v. Meadows*, 355 Ga. App. 857, 872-873 (7) (d) (844 SE2d 482) (2020). We review a fee award under OCGA § 9-15-14 (b) for an abuse of discretion. *Shoenthal v. DeKalb County Employees Retirement System Pension Bd.*, 343 Ga. App. 27, 30 (805 SE2d 650) (2017). "Under an abuse of discretion standard of review, we are to review the trial court's legal holdings de novo, and we uphold the trial court's factual findings as long as they are not clearly erroneous, which means there is some evidence in the record to support them." (Citation and punctuation omitted.) *Cohen v. Rogers*, 341 Ga. App. 146, 148 (2) (798 SE2d 701) (2017). "To the extent that the evidence relevant to the question of attorney fees consists of the state of the law, we make our own assessment of that evidence and decide for ourselves whether the claim asserted below presented a justiciable issue of law." (Citation and punctuation omitted.) *Russell v. Sparmer*, 339 Ga. App. 207, 209 (1) (793 SE2d 501) (2016) (physical precedent only).

First, the trial court's conclusion that the petition lacked substantial justification is based, at least in part, on the court's finding that the husband filed a "substantially similar claim" in 2014, "which was likewise resolved in [the wife's] favor[.]" The record does not support the court's finding in this regard. Instead, the record shows that the Georgia and New York courts' scheduled UCCJEA hearing never took place, and the case went dormant until 2021, when the trial court dismissed it, stating that the dismissal was not an adjudication on the merits.

Moreover, the UCCJEA arguably supported the husband's position. See *Russell*, 339 Ga. App. at 210 (1) ("for purposes of OCGA § 9-15-14, the relevant question is whether some authority arguably supported [the husband's] position"). The husband filed his 2020 petition in Georgia six years after the filing of his first petition and following the apparent lapse of the New York court's four-year period of retained jurisdiction and requested that the Georgia court communicate with the New York court on the issue of jurisdiction. Under the UCCJEA, it is proper that a Georgia court ask the decree state to relinquish jurisdiction in favor of Georgia on grounds that Georgia would be a more convenient forum. See OCGA § 19-9-67 (a) ("The issue of inconvenient forum may be raised upon motion of a party, the court's own motion, or request of another court."); N.Y. Dom. Rel. Law § 76-f (1) ("A court of this state which has jurisdiction under this

article to make a child custody determination may decline to exercise its jurisdiction at any time if it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more appropriate forum. The issue of inconvenient forum may be raised upon motion of a party, the child or the child's attorney, or upon the court's own motion, or request of another court."). Thus, such a conference could have taken place, and the Georgia court could have asked the New York court to relinquish jurisdiction in favor of Georgia as a more convenient forum. See, e.g., *Ball v. McGowan*, 497 SW3d 245, 252 (Ky. Ct. App. 2016).[5] Alternatively, the UCCJEA allows the husband, as he did, to request the New York court to relinquish jurisdiction in favor of Georgia. In addition, we note that OCGA § 19-9-66, governing simultaneous proceedings under the UCCJEA, pertinently provides:

---

[5] We note that — as we have previously stated and as required by the Act itself — in applying and construing the provisions of the UCCJEA as codified in Georgia, we must consider the need to promote uniformity of the law with respect to its subject matter among states that enact it. In accordance with this mandate, and given the relative dearth of Georgia law on this subject, we will look to the cases of other jurisdictions when appropriate to resolve the issues presented in this case.

(Citation and punctuation omitted.) *Alden v. Yarborough*, 360 Ga. App. 850, 853 (1), n.3 (862 SE2d 148) (2021). See also *Bowman v. Bowman*, 345 Ga. App. 380, n.1 (811 SE2d 103) (2018) ("[e]very state has adopted the UCCJEA").

9

> If the court determines that a child custody proceeding has been commenced in a court in another state having jurisdiction substantially in accordance with this article, the court of this state shall stay its proceeding and communicate with the court of the other state. If the court of the state having jurisdiction substantially in accordance with this article does not determine that the court of this state is a more appropriate forum, the court of this state shall dismiss the proceeding.

OCGA § 19-9-66 (b). From this provision, it follows that the Georgia court could and should have communicated with the New York court before summarily dismissing the husband's 2020 petition. While the propriety of the Georgia court's dismissal of the husband's petition for lack of jurisdiction is not before us, we can conclude that the Georgia court abused its discretion in concluding that the petition lacked substantial justification given these provisions of the UCCJEA as well as the circumstances of the case. Accordingly, we reverse the award of attorney fees to the wife under OCGA § 9-15-14 (b).

*Judgment reversed in part and appeal dismissed in part. Barnes, P. J., and Hodges, J., concur*.