**THIRD DIVISION**
**DOYLE, P. J.,**
**MARKLE and PADGETT, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**January 14, 2026**

# In the Court of Appeals of Georgia

A25A1575. NESMITH v. BRANCH.

PADGETT, Judge.

Susana Nesmith sued Amy Branch for negligence related to an automobile collision. After a jury trial, the trial court entered judgment in favor of Nesmith in the amount of $59,000. Nesmith later filed a motion for attorney fees under OCGA § 9-11-68. The trial court denied the motion, finding that it lacked the authority to award attorney fees because the motion was filed in a separate term of court from the term in which it entered the judgment. Nesmith now appeals the trial court's denial of her motion for attorney fees.[1] For the reasons that follow, we affirm.

---

[1] Oral argument was held on September 11, 2025, and is archived on the Court's website. See Court of Appeals of the State of Georgia, Oral Argument, Case No. A25A1575 (Sep. 11, 2025), available at https://vimeo.com/1118757285.

"Because this appeal involves a question of law, we review both the record and the decision of the court below de novo." *Alessi v. Cornerstone Assoc., Inc.*, 334 Ga. App. 490, 490 (780 SE2d 15) (2015) (citation and punctuation omitted).

1. *Facts and procedural history.*

The relevant facts are undisputed, and show that Nesmith and Branch were involved in a motor vehicle collision in August 2017. Nesmith sued Branch in May 2018, asserting claims for negligence and negligence per se.[2] In September 2021, Nesmith sent Branch an offer to settle her claims for $35,000 pursuant to OCGA § 9-11-68. Branch received the letter on September 18, but did not respond within 30 days, rendering the offer rejected by operation of law.[3]

The trial court held a jury trial in September 2024, after which the jury awarded Nesmith $59,000 in damages, and the trial court entered a judgment in that amount on September 26. The trial court's September term of court expired on September 30,

---

[2] Nesmith originally filed suit in the State Court of Chatham County, also naming Progressive Mountain Insurance Company and Bouchillon's Collision Center as co-defendants. Those co-defendants were later dismissed without prejudice and are not parties to this appeal. Following their dismissal, the case was transferred to the State Court of Bryan County.

[3] See OCGA § 9-11-68(c).

and its next term of court commenced in October. See Ga. L. 1996, p. 4404, §§1-11 (Bryan County State Court terms of court "shall be monthly"). Branch did not appeal and satisfied the judgment on October 4. On October 15 — two weeks and one day after the September term of court ended — Nesmith filed a motion for attorney fees under OCGA § 9-11-68. The trial court denied the motion. In its order, the trial court cited this Court's opinion in *Med. Ctr. of Cent. Ga., Inc. v. Cancel*, 356 Ga. App. 529 (848 SE2d 150) (2020), and found that it was without authority to grant the motion because it was filed outside of the term of court in which the judgment was entered.[4]

Nesmith now appeals, arguing that: (1) the trial court failed to recognize Nesmith's attorney fees motion as a timely post-judgment sanction motion, erroneously considering it a motion to amend a compensatory judgment; and (2) a term-of-court limitation period for OCGA § 9-11-68 sanctions violates due process because the periods are "arbitrarily vague, ever-changing, and unreasonable."

2. *Georgia's offer of settlement statute.*

---

[4] Nesmith filed a motion for reconsideration, which the trial court did not rule on. But we note that the filing of a motion for reconsideration does not extend the time for filing a notice of appeal, and the denial of a motion for reconsideration of an appealable order or judgment is not itself appealable. *Wright v. Wright*, 367 Ga. App. 15, 17 n.2 (884 SE2d 610) (2023); *Harned v. Piedmont Healthcare Found., Inc.*, 356 Ga. App. 870, 872 (849 SE2d 726) (2020).

"OCGA § 9-11-68, which is commonly referred to as Georgia's 'offer of settlement' statute, was enacted in 2005 to encourage litigants in tort actions to make good faith efforts to settle cases in order to avoid litigation." *Cancel*, 356 Ga. App. at 530(1). "The statute applies when a party rejects a written good faith offer to settle a tort claim." Id. at 531(1) (citing OCGA § 9-11-68 (a)). If the defendant rejects the plaintiff's offer "and the plaintiff recovers a final judgment in an amount greater than 125 percent of such offer of settlement, the plaintiff shall be entitled to recover reasonable attorney's fees and expenses of litigation incurred by the plaintiff or on the plaintiff's behalf from the date of the rejection of the offer of settlement through the entry of judgment." OCGA § 9-11-68(b)(2).

Upon the plaintiff's provision of proof to the trial court that OCGA § 9-11-68(b)(2) applies, the trial court "shall order the payment of attorney's fees and expenses of litigation[.]" OCGA § 9-11-68(d)(1). "Such an award may be disallowed only where the trial court finds the settlement offer was not made in good faith." *Cancel*, 356 Ga. App. at 531(1); OCGA § 9-11-68(d)(2).

When OCGA § 9-11-68 was first enacted, the statute provided that "[u]pon motion made within 30 days of the entry of the judgment or after voluntary or

involuntary dismissal, the court shall determine" if an award of attorney fees was required. OCGA § 9-11-68(d) (2005). In 2006, however, the legislature amended OCGA § 9-11-68, removing the 30 day provision. *Cancel*, 356 Ga. App. at 531(1). The statute is now silent on when a party must seek attorney fees. Id.

In *Cancel*, this Court determined that a party filing a motion for attorney fees under OCGA § 9-11-68 must do so within the same term of court in which the judgment was entered. Id. at 532(1). We ruled that "in the absence of a specified time in which to file a motion, we will apply the general principle that a trial court's authority over a case ends with the term in which final judgment was entered." Id. Thus, we held that

> [a]lthough a motion filed within the term of court may extend a trial court's authority to rule beyond the term, the [movant] did not file its motion for OCGA § 9-11-68 attorney fees during the term of court in which the trial court entered final judgment upon remittitur. Under these circumstances, the trial court properly concluded the motion was not timely filed.

Id. (citation omitted).

We rejected the movant's argument that "the attorney fee award under OCGA § 9-11-68 should not be considered part of the judgment" such that a motion for fees

did not seek to amend the judgment. Id. In so ruling, we relied on the Supreme Court's opinion in *Ga. Dep't of Corr. v. Couch*, 295 Ga. 469, 476(2)(a) (759 SE2d 804) (2014), in which the Court made clear that "OCGA § 9-11-68(b) does not create an independent tort (or other) cause of action. Instead, the attorney fees awarded under the offer-of-settlement statute are wholly dependent upon the parties' conduct during the underlying tort action and may be sought only in connection with such action[.]" Those fees, the Court explained, "are not made as compensation for a tort 'claim,'" but "are made as an incident of a party's inappropriate conduct in the underlying tort *action*." Id. at 476(2)(b). See also *Junior v. Graham*, 313 Ga. 420, 425–26(2)(b) (870 SE2d 378) (2022) (holding that a plaintiff may recover attorney fees under both OCGA §§ 13-6-11 and 9-11-68, and noting that the former fees are awarded by the jury as part of damages on the substantive claim asserted, while the latter fees are neither an independent claim nor even a component of damages, but instead are a policy-based cost associated with inappropriate conduct during litigation and are determined post-judgment by the court). That distinction led to our determination in *Cancel*, wherein we "fail[ed] to see how the attorney fee award could be considered as separate from the underlying judgment[,]" and concluded that the motion for such

fees had to be made within the term of court in which the final judgment was entered. *Cancel*, 356 Ga. App. at 532(1). We did recognize, however, "that requiring litigants to file a motion for OCGA § 9-11-68 attorney fees during the term of court in which judgment is entered may cause a hardship when judgment is entered near the end of the term," but determined that "[a]ny remedy for this hardship must be addressed by the legislature." Id.

3. *Whether the trial court erred by failing to treat the OCGA § 9-11-68 motion as a timely post-judgment sanctions motion.*

Nesmith first argues that the trial court failed to recognize Nesmith's OCGA § 9-11-68 motion as a timely-filed post-judgment sanction motion, erroneously considering it a motion to amend a compensatory judgment. Nesmith contends that an award under OCGA § 9-11-68 is "separate and distinct from the underlying compensatory judgment," and that we erred in *Cancel* by holding that because OCGA § 9-11-68 fees are "wholly dependent" on the parties' conduct in the underlying action, a motion under OCGA § 9-11-68 seeks to amend the compensatory judgment and thus must be brought in the same term of court as the underlying judgment. We find this argument unavailing.

Our holding in *Cancel* was not, as Nesmith suggests, a blunt and uncritical declaration that because an OCGA § 9-11-68 motion "is not an independent action, but is 'wholly dependent' upon the parties' conduct during the underlying tort action and may be sought only in connection with such an action," it operates necessarily to amend the judgment. Rather, our decision in *Cancel* holds that once a trial court's jurisdiction ends due to the expiration of a term of court, then, *in the absence of some statutory scheme permitting a party to file the motion outside of the term of court*, the general rule applies that the trial court's jurisdiction to act in a case ends at the term in which judgment is entered. *Cancel*, 356 Ga. App. at 532(1). The Supreme Court's decision in *Junior* does not require a different result. As we correctly observed in *Cancel*, the trial court's authority to act *in the case* ends with the term of court, and as the Supreme Court stated in *Couch* and again in *Junior*, "[a]n award under OCGA § 9-11-68(b) is not an independent tort 'claim'[,]" *Couch*, 295 Ga. at 480(2)(b); *Junior*, 313 Ga. at 425(2)(b), and fees under this statute "may be sought only in connection" with "the underlying tort action." *Couch*, 295 Ga. at 476(2)(a). If the trial court no longer has jurisdiction over the underlying tort action, and a motion for OCGA § 9-11-68 fees is not an independent claim, we fail to see how a party can seek these fees

8

outside the term of court in which the judgment is entered, absent the statute expressly permitting a party to do so.[5] Here, the statute is silent on when a party must seek fees under OCGA § 9-11-68 and, therefore, such motion is subject to the general principle that a trial court's authority over a case ends with the term in which the final judgment was entered. *Cancel*, 356 Ga. App. at 531(1).[6]

---

[5] For example, OCGA § 9-15-14, which provides a different sanction for litigation conduct, states that a party seeking attorney fees must file a motion for such fees no later than 45 days after the final disposition of the action. OCGA § 9-15-14(e). Thus, with OCGA § 9-15-14, the legislature provided a specific time — which may fall outside of the term of court in which the judgment was entered — within which a party can seek such fees.

[6] Nesmith also argues that because our Supreme Court held in *O'Leary v. Whitehall Const.*, 288 Ga. 790 (708 SE2d 353) (2011), that a post-judgment motion under OCGA §§ 9-11-68 and 9-15-14 did not extend the time to appeal the underlying judgment, we were wrong to hold in *Cancel* that an award under OCGA § 9-11-68 amends or modifies a judgment. But, again, our holding in *Cancel* was that because a motion under OCGA § 9-11-68 may be brought only in connection with the underlying action, a party may not file such a motion after the trial court loses jurisdiction over the case. The decision in *O'Leary* was based upon the established principle that filing a motion for attorney fees under OCGA § 9-15-14 does not toll the time for a party to appeal the final judgment. *O'Leary*, 288 Ga. at 791(1) (citing *Hill v. Buttram*, 255 Ga. App. 123 (564 SE2d 531) (2002) (recognizing that the filing of a motion for attorney fees does not challenge the finality of the judgment on the merits or toll the time for filing a notice of appeal)).

4. *Whether OCGA § 9-11-68(d)(1) is subject to the constitutional due process requirement that litigants are entitled to a reasonable time to prepare and present a response to protect a substantive right.*

(a) Nesmith next argues that motions filed according to OCGA § 9-11-68 are subject to the constitutional due process requirement that litigants are entitled to a reasonable time to prepare and present a response to protect a substantive right. However, the authority cited by Nesmith does not support this argument. For example, although Nesmith cites to *Southern States Chem. v. Tampa Tank & Welding*, 316 Ga. 701 (888 SE2d 553) (2023), for the proposition that OCGA § 9-11-68 sanctions are a substantive right, that case does not concern OCGA § 9-11-68 whatsoever. *Southern States Chemical* addresses whether statutes of repose create substantive rights. Id. at 712(1)(b). Nesmith also cites to *Mikesell v. RP Motorsports, Inc.*, 283 Ga. 476 (660 SE2d 534) (2008), for the proposition that placing a term limitation on the court's "receipt of proof" required under OCGA § 9-11-68(d)(1) alters a vested, substantive right. But in *Mikesell*, the Supreme Court held that OCGA § 9-11-68(b)(1), which was enacted in 2005, could not be retroactively applied to the plaintiff's cause of action, which accrued in 2002, because it affected the plaintiff's

10

substantive rights *in his cause of action*. *Mikesell*, 283 Ga. at 476–77 (citing *Fowler Prop., Inc. v. Dowland*, 282 Ga. 76, 76(1) (646 SE2d 197) (2007)).

(b) Nesmith also argues that the issue of attorneys fees was preserved by the pretrial order, which permits her to seek fees outside of the term of court. We disagree.

Under OCGA § 9-11-6(c),

> The period of time provided for the doing of any act or the taking of any proceeding is not affected or limited by the continued existence or expiration of a term of court, except as otherwise specifically provided by law. The continued existence or expiration of a term of court in no way affects the power of a court to do any act or take any proceeding in any civil action which has been pending before it, except as otherwise specifically provided by law.

The pretrial order included the following statement: "[Nesmith] served an Offer of Judgment on [Branch] on September 15, 2021, in conformance with OCGA § 9-11-68 in the amount $35,000. [Nesmith] may seek attorney fees and expenses subject to this offer of judgment." Nesmith argues that because she identified the OCGA § 9-11-68 issue in the pretrial order, it was a "pending" matter when the term of court expired.

11

In civil cases, "an interlocutory ruling does not pass from the control of the court at the end of the term if the cause remains pending." *Moon v. State*, 287 Ga. 304, 304 (696 SE2d 55) (2010) (citation and punctuation omitted). This principle is required by [OCGA § 9-11-6(c) of] the Civil Practice Act." Id.; *Thomas v. State*, 319 Ga. 123, 125(2) (902 SE2d 566) (2024) ("[i]n civil cases, the end-of-term rule has been explicitly curtailed by [OCGA § 9-11-6(c)].")). But,

> [i]n civil cases and under OCGA § 9-11-6(c), our courts have distinguished between interlocutory rulings and final judgments. While final judgments may not be modified after the term in which they were rendered (subject to certain exceptions), an interlocutory ruling does not pass from the control of the court at the end of the term if the cause remains pending.

*Pledger v. State*, 193 Ga. App. 588, 589 (2)(a) (388 SE2d 425) (1989) (citation and punctuation omitted). However, Nesmith did not have a pending motion at the time the trial court's term expired. In fact, the pretrial order did not list the OCGA § 9-11-68 motion under its paragraph listing motions that were pending for consideration by the trial court. And while the pretrial order later stated that Nesmith "may" seek

OCGA § 9-11-68 fees, that equivocal language itself belies Nesmith's contention that the matter was pending.[7]

(c) Nesmith also argues that because due process requires a sufficient opportunity to respond, we should adopt a so-called "reasonable time rule" for filing a motion under OCGA § 9-11-68(d)(1). She urges this Court to recognize, within OCGA § 9-11-68, a "reasonable" 30-day time period after entry of judgment for a party to file a motion for attorney fees under the statute. We decline to do so.

First, as referenced above, the legislature amended OCGA § 9-11-68 to remove language providing that "[u]pon motion made within 30 days of the entry of the judgment or after voluntary or involuntary dismissal, the court shall determine" if an award of attorney fees was required. OCGA § 9-11-68(d) (2005).

Second, Nesmith cites to no Georgia case law where we have applied any such rule in a context such as the one presented here. Instead, she cites to *Massengale v. Ga.*

---

[7] Nesmith also argues that OCGA § 9-11-6(e) provided her with three additional days to file her OCGA § 9-11-68 motion, and that under OCGA § 9-11-6(a) and OCGA § 1-3-1(d)(3), weekend days should have been excluded from the computation of time for her deadline to file the motion. We reject her argument. First, Nesmith missed her deadline by two weeks and one day — not simply a few days — and second, she cites to no authority suggesting that these statutes extend the time for filing after the expiration of a term of court.

*Power Co.*, 153 Ga. App. 476 (265 SE2d 830) (1980), where we affirmed a trial court's dismissal of a party's de novo appeal to superior court due to the party's failure to comply with a discovery order compelling responses to interrogatories. There, the trial court's order did not provide a definite time for the party to comply with the order; however, this Court found that the 30-day period contained within the underlying code section requiring responses to interrogatories applied and was a sufficient basis upon which to determine that the trial court did not abuse its discretion in dismissing the case as a discovery sanction. Id. at 477–78(1). *Massengale* does not stand for the proposition that we may graft a 30-day time period on to a statute such as OCGA § 9-11-68, whose plain language does not provide for any such time period. Nesmith further cites to *H.T.E., Inc. v. Tyler Techs., Inc.*, 217 FSupp2d 1255 (MD Fla. 2002), where that court, in applying what it determined was an ambiguous Florida statute designed "to protect Florida shareholders . . . as well as creat[e] a disincentive for Florida corporations to reincorporate in other states," found that, *in Florida*, it is a general rule that "when no particular time is specified for the exercise of a right or privilege, the law presumes that a reasonable time was intended." Id. at 1257–59 and 1261 n.9 (emphasis added). These and other cases cited

by Nesmith do not support Nesmith's contention that, notwithstanding the General Assembly's presumed intentional silence on the timing of any motion under OCGA § 9-11-68, we should identify and adopt a "reasonable time" for parties to file OCGA § 9-11-68 motions, regardless of whether the term of court has ended. Even if this Court had the authority to do so, the circumstances of this case do not merit the creation of any such "reasonable time rule," as this is not a case in which Nesmith had *no time* to file the motion.

In conclusion, we echo our observation in *Cancel*: "We recognize that requiring litigants to file a motion for OCGA § 9-11-68 attorney fees during the term of court in which judgment is entered may cause a hardship when judgment is entered near the end of the term. Any remedy for this hardship must be addressed by the legislature." *Cancel*, 356 Ga. App. at 532(1)(b).

*Judgment affirmed. Doyle, P. J., and Markle, J., concur.*